ACCEPTED
06-17-00180-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2017 8:54 AM
DEBBIE AUTREY
CLERK

IN THE

SIXTH COURT OF APPEALS

OF TEXAS

NO. 06-17-00180-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2017 8:54:25 AM
DEBBIE AUTREY
Clerk

---

ROY LEE WELLS, JR.
Appellant

v.

THE STATE OF TEXAS
Appellee

---

ON APPEAL
FROM THE 19TH JUDICIAL DISTRICT COURT
OF MCLENNAN COUNTY
TRIAL COURT NO. 2016-1203-C1

---

BRIEF OF APPELLANT

---

John M. Hurley
Attorney at Law
427 N. 38th Street
Waco, Texas 76710
Telephone: (254)753-6161
Facsimile: (254)714-2564
jmhurley1@yahoo.com
State Bar No: 10311100
Attorney for Appellant

December 4, 2017

IN THE
SIXTH COURT OF APPEALS
OF TEXAS
NO. 06-17-00180-CR

ROY LEE WELLS, JR.                    §
                    Appellant  §
                                      §
v.                                    §
                                      §
THE STATE OF TEXAS,                   §
                    Appellee  §

**NAMES OF ALL THE PARTIES**
**(Rule 38.1(a), T.R.A.P.)**

Appellant                        :   Roy Lee Wells, Jr.

Appellant's Attorney at Trial :   Michel Simer
                                     3715 Bellmead Drive
                                     Waco, Texas 76705

Appellant's Attorney on Appeal:   John M. Hurley
                                     427 N.38th Street
                                     Waco, Texas 76710

Appellee                         :   State of Texas

Attorneys for the State of Texas: Hillary LaBorde
                                     Christi Hunting Horse
                                     Asst. Crim.
                                     District Attys.
                                     219 N. 6th Street
                                     Suite 200
                                     Waco, Texas 76701

Complainant                      :   Siana Negash

ii

# TABLE OF CONTENTS

NAMES OF ALL THE PARTIES . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . .iv, v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . .

Issue No. 1. . . . . . . . . . . . . . . . . .

Whether the trial court incorrectly overruled
Appellant's objection that the State's
question and the police officer's answer were
impermissible comments on Appellant's right
to remain silent after he had been arrested
and Mirandized? (4 R.R. 117-118). . . . . . . .1

Issue No. 2. . . . . . . . . . . . . . . . . .

Whether the State failed to prove beyond a
reasonable doubt an essential element of the
offense of aggravated kidnapping, namely that
the alleged victim was secreted or was held
in a place where she was not likely to be
found? 5 R.R. 124). . . . . . . . . . . . . . .1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . .4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . .6

PRAYER. . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . 17

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

## Cases

Bowen v State, 374 S.W. 3d 427 (Tex. Crim. App. 2012)
. . . . . . . . . . . . . . . . . . . . . . . . . . 16

Brimage v. State, 718 S.W. 2d 466 (Tex. Crim. App.
1994). . . . . . . . . . . . . . . . . . . . . . . .14

Hooper v. State, 214 S.W. 3d 9 (Tex. Crim. App. 2007)
. . . . . . . . . . . . . . . . . . . . . . . . . . 13

Jackson v. Virginia, 443 U.S. 307 (1979) . . . . . . .13

Lucio v. State, 351 S.W. 3d 878 (Tex. Crim. App. 2011)
. . . . . . . . . . . . . . . . . . . . . . . . . . 14

Neal v. State, 256 S.W. 3d 264 (Tex. Crim. App. 2008)
. . . . . . . . . . . . . . . . . . . . . . . . . . .10

Roberson v. State, 100 S.W. 3d 36 (Tex. App. – Waco
2002, pet. ref'd). . . . . . . . . . . . . . . . . . 8

Salinas v. State, 369 S.W. 3d 176 (Tex. Crim. App.
2012). . . . . . . . . . . . . . . . . . . . . . . . 8

Smith v. State, 522 S.W. 3d 628 (Tex. App. – Houston
[14th Dist.] 2017). . . . . . . . . . . . . . . 8, 10

Snowden v. State, 353 S.W. 3d 815 (Tex. Crim. App.
2011). . . . . . . . . . . . . . . . . . . . . .9, 11

Wall v. State, 184 S.W. 3d 730(Tex. Crim. App. 2006). 9

Whitehead v. State, 437 S.W. 3d 547 (Tex. App. –
Texarkana, 2014, pet. ref'd). . . . . . . . . . . .10

## Statutes and Rules

**Texas Rules of Appellate Procedure, Rule 44.2(a)** . . . .8

**Texas Penal Code, §20.01.** . . . . . . . . . . . . . . 14

**Texas Penal Code, §20.04.** . . . . . . . . . . . . .1, 14

ISSUE NUMBER ONE

Whether the trial court incorrectly overruled Appellant's objection that the State's question and the police officer's answer were impermissible comments on Appellant's right to remain silent after he had been arrested and Mirandized?  (4 R.R. 117-118).

ISSUE NUMBER TWO

Whether the State failed to prove beyond a reasonable doubt an essential element of the offense of aggravated kidnapping, namely that the alleged victim was secreted or was held in a place where she was not likely to be found? (5 R.R. 124).

STATEMENT OF THE CASE

On August 3, 2016 a McLennan County Grand Jury indicted Roy Lee Wells, Jr. on the first degree felony charge of aggravated kidnapping, a violation of Texas Penal Code §20.04.  (C.R. 5)

On July 5, 2017 a McLennan County Grand Jury handed up a "true bill of superceding indictment" which added a third degree felony charge of attempted sexual assault (Count II). (C.R. 22-23) A jury trial commenced July 18, 2017. (3 R.R.).

The jury found Wells guilty on both counts. (C.R. 57, 58). As Appellant had elected the Court to assess punishment, a pre-sentence report was ordered and on September 11, 2017 a hearing on punishment was held. The Court sentenced Wells to 15 years confinement on Count I (C.R. 69-70), and 10 years confinement on Count II (C.R. 71-74).

Appellant filed Notice of Appeal on September 11, 2017. (C.R. 75).

The trial court's certification of Defendant's right of appeal is found at page 77 of the Clerk's Record.

There was no Motion for New Trial.

## STATEMENT OF FACTS

Siana Negash testified (through an Amharic speaking interpreter) that she came to America in 2014 as a refugee from Eritrea (Ethiopia). With no other resources she relied on agencies and a church shelter for housing and other necessities. (4 R.R. 126-128).

She met Mr. Wells at the Presbyterian Shelter in Fort Worth where he also resided at times. Eventually the two became involved in a relationship with each other. (4 R.R. 130-132). She said that he hurt her on three occasions and that he had raped her. (4 R.R. 147-152).

As pertains to the case at bar, Siana Negash stated that Wells had placed her in a rented Cadillac in Fort Worth and drove to Waco. She said he attempted to have sex with her, and when she refused, he hit her with a belt. She thought she was having a heart attack so he drove to Baylor Scott and White Hospital in Waco where she

3

received medical care and eventually police were called to investigate. Mr. Wells was arrested at the hospital. (4 R.R. 162-172).

Appellant did not testify (5 R.R. 77-78).

## SUMMARY OF THE ARGUMENT

In Appellant's first issue he addresses the State's questioning of Waco Police Officer Lyle Smith who had responded to the hospital and remained with Appellant while police and hospital staff interviewed Siana Negash. Smith was there for one purpose, to make sure that Wells did not leave. Upon questioning by the State, Officer Smith testified that once Wells had been placed under arrest and was Mirandized that Wells no longer wanted to talk about anything. (4 R.R. 117). Appellant contends that the State's questions and Smith answers were comments on Wells' Fifth Amendment right to remain silent after his arrest and were calculated to prejudice Wells in the jury's view in so much as being

4

silent includes the failure of the accused to deny or contest the charges at the time he was arrested.

Appellant did not testify. Therefore, he had a high level of constitutional protection under the Fifth Amendment to not have his pre-trial post-arrest, post Miranda silence used as substantive evidence of his guilt against him at trial.

In his second issue Appellant suggests that the evidence was legally insufficient to sustain a conviction for aggravated kidnapping (Count I) beyond a reasonable doubt that the alleged victim was secreted or was held in a place where she was not likely to be found - an essential element of the offense. Appellant points to Siana Negash's own testimony where she admits that Wells insisted that medical tests be done when Negash exhibited heart attack symptoms. (4 R.R. 171-196).

ARGUMENT

Issue Number One Restated

The Court erroneously overruled Appellant's correct objection to the State's question and Officer's Lyle Smith's answer that were comments on Appellant's post-arrest, post-Miranda silence: (4 R.R. 117-118).

Q: Was he Mirandized at some point?

A: He was Mirandized.

Q: And after that was any further information gathered from the Defendant?

A: No. He didn't want to talk about anything.

To defense counsel's proper objection the prosecutor replied: "My point is just that he was Mirandized and nothing else was gotten."

Appellant contends that the Fifth Amendment to the Constitution forbids prosecutors from making that point. According to Officer Smith, he and Wells had been talking, but that stopped

when Wells was arrested and read his Miranda Rights which include the right to be silent.

Appellant contends that police testimony about his silence after being arrested and read his Miranda warnings violated his Fifth Amendment right to be silent and was calculated to prejudice the jury against him who must have taken Appellant's silence as agreement with the charges for which he had been arrested, because an innocent person would have spoken out to at least deny the charge when he was arrested.

The Court overruled defense counsel's objection instead of sustaining the objection and directing the jury to disregard the improper question and answer which might have cured the harm, but that didn't happen.

Appellant did not testify at this trial. Pre-trial he was silent once he was arrested and received his Miranda Warnings. Therefore, his silence before trial is deserving of a high level

7

of protection provided by the Fifth Amendment See **Salinas v. State**, 369 S.W. 3d 176,178 (Tex. Crim. App. 2012).

Appellant's pre-trial, post arrest, post Miranda silence was used by the State at his trial as substantive evidence of his guilt, and not for impeachment because he did not testify at his trial.  Therefore, the Court's error in overruling defense counsel's object was constitutional error that must lead to reversal unless the Court of Appeals finds beyond a reasonable doubt that the error was harmless. T.R.A.P. 44.2(a).  **Smith v. State**, 522 S.W. 3d 628 (Tex. App. - Houston [14th Dist.] 2017,n.p.h.).  (Prosecutor's comment violating Appellant's privilege against self-incrimination was of constitutional magnitude invoking T.R.A.P. 44.2(a) analysis.)  See also, **Roberson v. State**, 100 S.W. 3d 36, 43-44 (Tex. App. - Waco 2002, pet. ref'd)  (State's improper comment on

Defendant's failure to testify was error of constitutional magnitude).

**HARM ANALYSIS**

The Court of Appeals must reverse the judgment unless it concludes beyond a reasonable doubt that the error did not contribute to the Defendant's conviction or punishment. **Snowden v. State**, 353 S.W. 3d 815, 818 (Tex. Crim. App. 2011). The Court of Appeals must calculate as nearly as possible the probable impact of the error in light of the record as a whole **Wall v. State**, 184 S.W. 3d 730, 746 (Tex. Crim. App. 2006).

The Court of Appeals considers factors such as the nature of the error, whether the State emphasized the error, the probable implications of the error and the weight the jury likely would have assigned to the error. See **Snowden v. State**, 353 S.W. 3d at 822; **Smith v. State**, 522

9

S.W. 3d 628, 637-638 (Tex. App. – Houston [14th Dist.] 2017, n.p.h.).

If the reviewing Court finds a reasonable likelihood that the error materially affected the jury's deliberations, the trial court's error is not harmless beyond a reasonable doubt. See **Neal v. State**, 256 S.W 3d 264, 284 (Tex. Crim. App. 2008).

### 1. Nature and Emphasis of the Error

The error violates the constitutional right against a Defendant's post-arrest, post-Miranda silence being considered as evidence of his guilt. The trial court overruled Appellant's objection to the question and answer, thereby conveying to the jury that the jury could consider the question and answer. **Smith v. State**, 522 S.W. 3d at 637. This factor weighs in favor of finding the error to be harmful. See **Whitehead v. State**, 437 S.W. 3d 546,553 (Tex. App. – Texarkana 2014 pet. ref'd). Moreover, the

10

State emphasized the error and magnified the harm caused by the error by the prosecutor's answer to defense counsel's objection: "My point is just that he was Mirandized and nothing else was gotten." (4 R.R. 117) - bringing Wells' silence to the jury's attention again before the Court signaled to the jury the silence could be considered by them because the Court overruled defense counsel's objection.

## 2. Probable Implications of Error and Weight

Under the third and fourth factors discussed in **Snowden**, the Court of Appeals considers the probable implication of the error and weight the jury likely would have placed on it. See **Snowden, 353 S.W. 3d at 822.** Jury note #2 shows that the jury was considering finding Appellant guilty of the lesser included offense of unlawful restraint upon which they had been charged (C.R. 53), and not convicting him of first degree

aggravated kidnapping (see jury note #2 at C.R. 61- "In the event that aggravated kidnapping is not proven but unlawful restraint is, do the same venue restrictions apply?") Appellant contends that human nature expects an accused to deny an accusation when it is made and when he is arrested. In the case at bar the jury was not instructed not to consider Appellant's post-arrest, post-Miranda silence as evidence when the court overruled Appellant's objection. The Court effectively told the jury that the silence could be considered as evidence. The record as a whole including the State's emphasis on the question and answer and the jury's uncertainty of Appellant's guilt of aggravated kidnapping as shown by jury note #2 establishes a reasonable likelihood that the error materially affected the jury's deliberations. Therefore, the trial court's error is not harmless beyond a reasonable doubt. Appellant requests the Court of Appeals to

reverse the judgments as to both counts and remand the case for a new trial.

ISSUE NUMBER TWO RESTATED

The evidence was insufficient to prove that Appellant had secreted or held Negash in a place where she was not likely to be found as required to establish the offense of aggravated kidnapping. (5 R.R. 124).

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, **443 U.S. 307, 318-19 (1979)**; **Hooper v. State**, **214 S.W. 3d 9, 13 (Tex. Crim. App. 2007)**. This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." **Jackson 443 U.S. at 319**. "Each fact need not point directly and independently to the guilt of the Appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." **Hooper, 214 S.W. 3d at 13**.

**Lucio v. State**, 351 S.W. 3d 878, 894 (Tex. Crim. App. 2011), cert den'd., 132 St. Ct. 2712, 183 L.Ed. 2d 71(2012).

The State was required to prove beyond a reasonable doubt that Appellant, in addition to the other essential elements of §20.04 aggravated kidnapping, "… by secreting or holding her in a place where she was not likely to be found…" (C.R. 22), one of the ways "abduction" is accomplished under §20.01(2). Under this indictment the State was required to prove that the restraint was completed and that Appellant evidenced a specific intent to prevent liberation by secreting or hiding Siana Negash in a place where she was not likely to be found. See **Brimage v. State**, 918 S.W. 2d 466, 475-76 (Tex. Crim. App. 1994).

Viewed in the light most favorable to the jury's verdict, Appellant contends that the evidence shows that Appellant placed Negash in

14

the back seat (not the trunk) of a rented Cadillac, and drove from Fort Worth to Waco with a stop at a rest stop or truck stop, assaulted her, then insisted on taking her to a hospital for medical care and diagnostic tests. Appellant suggests that the secretion component of the offense of aggravated kidnapping, as charged, was not satisfied beyond a reasonable doubt. Siana Negash was in the passenger compartment of a vehicle traveling on public highways or stopped at a public rest stop or truck stop and was taken to a hospital. Appellant suggests that it was at least as likely as it was not likely that she would have been found.

For these reasons the evidence was insufficient to show that Appellant is guilty of aggravated kidnapping. The conviction on Count I must be reversed and a judgment of acquittal entered on Count I — aggravated kidnapping. If the Court of Appeals determines that the evidence

15

is sufficient to support the lesser included offense of unlawful restraint, then it may reform the conviction from aggravated kidnapping to unlawful restraint and remand the case for a new punishment hearing. **Bowen v. State**, **374 S.W. 3d 428 (Tex. Crim. App. 2012).**

## PRAYER

For the reasons stated in this brief, Appellant prays for the relief requested herein.

Respectfully submitted,

John M. Hurley
State Bar No. 10311100
427 N. 38th Street
Waco, TX   76710
Tel: (254)753-6161
Fax: (254)714-2564
jmhurley1@yahoo.com
Attorney for Appellant
Roy Lee Wells, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's brief was served electronically on the 4th day of December 2017 on the Office of the McLennan County Criminal District Attorney, Attn: ADA Sterling Harmon, 219 N. 6th Street, Suite 200, Waco, TX  76701.

_____
John M. Hurley

## CERTIFICATE OF WORD COUNT

I certify that Appellant's brief contains 3,352 words, Microsoft Word 2010.

_____
(John M. Hurley)